UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANDRA L. DAVIDOW,

                Plaintiff,

            v.                              DECISION
                                                               and ORDER
MICHAEL J. ASTRUE,[1] COMMISSIONER          06-CV-6253 CJS
OF SOCIAL SECURITY

                Defendant.

## INTRODUCTION

Plaintiff Sandra L. Davidow brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability insurance benefits. Specifically, plaintiff alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record, or was contrary to law.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Plaintiff opposes defendant's motion and has cross-moved for judgment on the pleadings. For the reasons stated below, the Commissioner's motion for judgment on the pleadings is denied, plaintiff's motion is granted, the Commissioner's decision is reversed, and the case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

---

[1] Mr. Astrue was sworn in as Commissioner on February 12, 2007. *See* "Michael J. Astrue Sworn in as Commissioner of Social Security" (Social Security Press Release, Feb. 12, 2007), *available at* http://www.ssa.gov/pressoffice/pr/astrue-pr.htm (last checked Feb. 26, 2007). He is hereby substituted pursuant to Federal Rule of Civil Procedure 25(d)(1) for Ms. Barnhart.

**BACKGROUND**

On January 17, 2002, plaintiff, at the time 52 years of age, applied for Social Security disability benefits claiming that she has been unable to work as of January 1, 2001 because of fibromyalgia.[2] (Record, at 89.) Plaintiff's application was initially denied and she requested a hearing. The hearing was held on October 7, 2004, in Rochester, New York, before ALJ Robert T. Harvey who issued a decision on November 24, 2004, finding that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review on March 24, 2006, making the ALJ's decision the final decision of the Commissioner. Davidow filed this action for review on May 25, 2006.

**DISCUSSION**

I.   Jurisdiction and Scope of Review

This court has jurisdiction to hear claims based on the denial of Social Security benefits. 42 U.S.C. § 405(g). Additionally, the statute directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v NLRB*, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. *See, Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lynn v. Schweiker*, 565 F. Supp 265, 267 (S.D. Tex. 1983)

---

[2]Specifically, she stated, "fibromyalgia in low back, hips, I have muscle pain I can raise my arms above my head, difficulty sleeping due to pain." (Record, at 89.)

(citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. *See, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Because the Court determines that the findings of the Commissioner are not supported by substantial evidence contained in the record, the Commissioner's motion for judgment on the pleadings is denied, and plaintiff's cross-motion for judgment on the pleadings is granted .

    II.    <u>The Commissioner's decision to deny Plaintiff's Application for Benefits is not supported by the substantial evidence in the record.</u>

The ALJ made his determination based on the evidence before him that although plaintiff's fibromyalgia and borderline intellectual functioning were "severe" impairments, they did not rise to a level of severity that would warrant a finding of disability. Plaintiff objects to the ALJ's findings on grounds that the ALJ improperly disregarded the opinion of Andrew M. Kane, M.D., plaintiff's treating physician for over three years. Plaintiff also objects to the ALJ's findings that her testimony regarding her symptoms of pain. For the reasons set forth below, the Court finds that the ALJ erred by discounting the opinion of Dr. Kane.

The Record shows that on November 9, 2000, Dr. Kane examined plaintiff in conjunction with her follow-up visit for fibromyalgia. Dr. Kane found that she had "positive trigger points at the base of her neck, base of her back and arms." (Record, at 167.) In his report, he assessed her as having fibromyalgia and directed her to start Zoloft and continue

with Vioxx. He also directed her to continue with the fibromyalgia program and to perform some exercises he would give her. (*Id.*) In addition to Dr. Kane's assessment, the physician to whom he referred plaintiff, Margaret-Mary Holyst, M.D., also diagnosed fibromyalgia. In a report dated December 22, 1999, Dr. Holyst also determined that plaintiff was suffering from fibromyalgia. She wrote in her report that plaintiff

> does have fibromyalgia which is still somewhat active. I suspect that based on her physical examination, given that some of the tender spots are not exquisitely tender, that she has had some response to the nortriptyline and by talking with her it sounds as if that is so. I discussed with her that if she is still having sleep apnea that she should not expect to feel rested in the morning unless that is addressed. . . . Exercise is important and I discussed with her land vs. water therapy. I would [sic] recommend that she work with a physical therapist for an individualized program.

(Record, at 224.)

Dr. Kane prepared a residual functional capacity ("RFC") report, dated March 28, 2004. In that report, Dr. Kane indicated: that plaintiff was limited to occasionally lifting and or carrying less than ten pounds and frequently lifting or carrying less than ten pounds; that she could only stand or walk less than two hours in an eight-hour workday; that she had to periodically alternate between sitting and standing to relieve pain or discomfort which, he wrote, starts within fifteen minutes; and that she was limited in pushing or pulling and had postural limitations as well. With regard to manipulative limitations, Dr. Kane indicated that plaintiff had limited ability to reach in all directions, including overhead, but no limitation in handling, fingering, or feeling. He also indicated that she was unlimited with regard to seeing, hearing and speaking. In the section marked Environmental Limitations, Dr. Kane stated that she was limited with regard to temperature extremes, noise, dust, vibration, humidity and wetness, hazards, seems, odors, chemicals and gases. He stated all of these triggered her fibromyalgia. (Record, at 229-32.)

Dr. Kane[3] also prepared a Medical Source Statement of Ability to Do Work-related Activities (Mental). (Record, at 233.) On the mental RFC form, Dr. Kane indicated that plaintiff had slight impairments with regard to the ability to make judgments on simple work-related decisions, with responding appropriately to work pressures in a usual work setting and with responding appropriately to changes in a routine work setting. (Record, at 233-34.)

> Evaluation of physicians' testimony is governed by the "treating physician rule." As specified in 20 C.F.R. §§ 404.1527(d), 416.927(d), the rule provides that the treating physician's opinion as to the claimant's disability is controlling if it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record.

*Saviano v. Chater*, 956 F. Supp. 1061, 1069 (E.D.N.Y. 1997) (citations omitted).

In his decision, the ALJ failed to comply with the Commissioner's requirements to, "always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527. The ALJ wrote that he rejected Dr. Kane's RFC determination because it was not based on objective medical evidence, but, rather, on plaintiff's subjective complaints. (Record, at 28.) The Court finds that this determination is not supported by substantial evidence in the Record.

The district court in *Brunson v. Barnhart*, No. 01-CV-1829 (ERK), 2002 WL 393078 at *16 (E.D.N.Y. Mar. 14, 2002), observed that,

> [w]ith regard to fibromyalgia, the Seventh Circuit has explained:
>
> > Fibromyalgia ... [is] a common, but elusive and mysterious disease, much like chronic fatigue syndrome, with which it shares a number of features. [Citing medical authorities.] Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and-the only symptom that discriminates between it and other diseases of a rheumatic

---

[3] The individual who completed this form signed it in an illegible hand on March 28, 2004. Both the signature on this form and the physical RFC form are similar and, according to the index, came from Dr. Kane. (Record, at 3.)

> character-multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch. There is no serious doubt that [plaintiff] is afflicted with fibromyalgia, but it is difficult to determine the severity of her condition because of the unavailability of objective clinical tests. Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not and the question is whether [plaintiff] is one of the minority.
>
> *Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th Cir.1996) (Posner, J.) (internal citations omitted).

*Brunson,* 2002 WL 393078 at *15 -16. The ALJ's reasons for rejecting Dr. Kane's RFC determination, considering that this disease does not lend itself to objective medical tests, is insufficiently supported in the Record.

The Court further finds that the ALJ did not properly assess plaintiff's credibility. The ALJ found that plaintiff's subjective complaints were generally credible, but not to the extent she alleged. (Record, at 28.) Plaintiff testified that the pain was more severe in her arms and hip area and that she had pain daily from her fibromyalgia. (Record, at 246.) In responding to the ALJ's questions, she indicated that she had back pain, shoulder pain, leg pain, and arm pain, and sometimes pain in her hands or fingers. She also indicated that she sometimes got headaches and sometimes had pain in her torso, or chest area, or abdomen. She further testified that the pain in her back, shoulder, and both legs was constant, and that the pain in her feet and hands came as often as three times per day. (Record, at 247-48.) Moreover, she stated that she had muscle spasms in her legs, arms and back on a daily basis and every day felt as if her legs were going to give out on her and that she had to catch herself from falling down. Furthermore, she indicated that she had "a lot of facial pain . . . all over." (Record, at 248-49.)

Plaintiff testified that she cleans her house a little, cooks a little, does the dishes a little and does laundry. She also indicated that she is able to visit friends and that she can dress herself without a problem. However, plaintiff explained that she cannot make beds, does not sweep, mop, take out the trash, or do yard work, has no hobbies, does not shop, does not go to church, does not drive a car, and has difficulty sleeping at night, waking up often at night because of the pain. (Record, at 256-57.) She also testified that when she does grocery shop, and gets home afterwards, "I can't do nothing [sic]." (Record, at 258.) In response to questions by her attorney at the hearing, plaintiff stated that if she were not leaning on the shopping cart, she would not be able to do the grocery shopping. She also testified that when she wakes up in the morning, she feels like she never went to bed.

The ALJ determined that there was "nothing in the record to support the severity of the symptoms testified to buy the claimant." (Record, at 28.) With regard to her testimony, he wrote, "[t]he claimant's allegations of disability are inconsistent with her activities of daily living." (*Id.*)

> Social Security Ruling 96-7p states, in part,
>
> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The Court finds that the ALJ misapplied this ruling's requirements with regard to plaintiff's credibility. Since the ALJ rejected Dr. Kane's RFC assessment, it appears to the Court that the ALJ also discredited plaintiff's testimony because it, too, is unsubstantiated by objective medical evidence. Further, the ALJ did not address plaintiff's testimony with respect to her fatigue and inability to sleep well, both recognized as typical symptoms of fibromyalgia. The Merck Manual of Diagnosis and Therapy (Mark H. Beers, M.D. et al. eds., 1999) at 481.

Those symptoms were also part of Dr. Holyst's assessment of plaintiff, related to her advice that "restoration of sleep is important, as is exercise." (Record, at 224.) In light of the unique nature subjective complaints of pain play in the case of an individual diagnosed with fibromyalgia, the ALJ's decision to discount plaintiff's complaints is not supported by substantial evidence in the Record.

## CONCLUSION

For the reasons set forth above, the Court grants plaintiff's cross-motion (# 8) for judgment on the pleadings, and denies defendant's motion (# 4) for judgment on the pleadings. This action is remanded under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner to reassess plaintiff's credibility consistent with 20 C.F.R. § 404.1529 and Social Security Ruling 96-7; reassess the medical source opinions with respect to the severity and functional impact of plaintiff's fibromyalgia; reassess plaintiff's residual functional capacity and provide specific references to evidence of record in support of the assessed limitations; and proceed through the sequential evaluation process, including, if necessary, obtaining the testimony of a vocational expert.

IT IS SO ORDERED.

Dated: March 2, 2007
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge